### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BIKESH KARMACHARYA, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-1122-S-BK |
| | § | |
| MERRICK GARLAND, ATTORNEY | § | |
| GENERAL, *ET AL.*, | § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, Doc. 3, including issuing findings and a recommended disposition when appropriate. Before the Court is *Defendants' Motion to Dismiss*, Doc. 11. For the reasons stated here, the motion to dismiss for lack of subject matter jurisdiction should be **GRANTED**.

## I. BACKGROUND

On May 18, 2021, Plaintiff Bikesh Karmacharya filed his pro se *Complaint for Writ of Mandamus* requesting an order directing Defendants Merrick Garland, Attorney General of the United States of America; Alejandro Mayorkas, Secretary of the United States Department of Homeland Security ("DHS"); Tracy Renaud, Acting Director for U.S. Citizenship and Immigration Services ("USCIS"); and Will Bierman, USCIS Field Office Director for Dallas-Fort Worth Area, to adjudicate Karmacharya's I-485 Application to Register Permanent Residence or Adjust Status based on his approved I-130 Petition for Alien Relative Application. Doc. 1 at 1.

Karmacharya alleges that in November 2017, he married a U.S. citizen, and on August 28, 2018,  Karmacharya's spouse filed Form I-130 on his behalf.  Doc. 1 at 3.  Karmacharya's I-130 application was approved on July 25, 2019, and he filed his I-485 application on October 2, 2019.  Doc. 1 at 3-4.  Karmacharya claims he contacted USCIS on multiple occasions from February 3, 2021 to May 14, 2021, urging the agency to render a decision on his I-485 application.  Doc. 1 at 4.

 Karmacharya alleges that Defendants' failure to adjudicate his I-485 application "within a reasonable time violates the Administrative Procedure Act." *Id.* at 6 (citing 5 U.S.C. § 706(1) ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.")) (other citations omitted).  Karmacharya seeks an order compelling Defendants to adjudicate his I-485 application "within 30 days, or . . . a reasonable period," an award of attorney's fees and costs under the Equal Access to Justice Act, and "any other relief [the] Court deems just and proper."  Doc. 1 at 6 (citing 5 U.S.C. § 504; 28 U.S.C. § 2412).

Although Karmacharya had not received a decision on his I-485 application at the time he filed his complaint, USCIS subsequently approved his application on July 1, 2021.  Doc. 15 at 2.  Defendants' instant motion seeking dismissal under Rule 12(b)(1) followed on July 19, 2021.  Doc. 11.  However, Karmacharya opposes dismissal and seeks to recover attorneys' fees and costs.  Doc. 15.

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  Federal courts may only consider "actual, ongoing controversies between litigants."  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered

2

moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). The court lacks subject-matter jurisdiction over a moot controversy. *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978). A complaint must be dismissed if it lacks subject-matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

## III. ANALYSIS

### A. The Court Lacks Subject-Matter Jurisdiction

Defendants assert that "[b]ecause Plaintiff's application has . . . been adjudicated, Plaintiff's case is moot and must be dismissed for lack of subject-matter jurisdiction." Doc. 11 at 1. In his *Response to Defendants' Motion*, Karmacharya "agree[s] that the defendants granted [his] application on July 1, 2021," but nonetheless requests the Court "to oppose the dismissal of the Case." Doc. 15 at 1–2. Karmacharya claims to have suffered "mental and financial loss" during the waiting period, despite having received permanent resident status. Doc. 15 at 2. He reasserts his request for "reasonable costs and attorney's fees" and "agrees to dismiss the case if the defendants honor those financial losses." Doc. 15 at 3.

The Government is correct. Because Karmacharya has obtained the relief he sought by his Complaint, to-wit: adjudication of his I-485 application, neither case nor controversy exists. Thus, this case must be dismissed for lack of subject matter jurisdiction. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (where the question of mootness arises the court must resolve it before it can assume jurisdiction).

### B. Plaintiff is Not Entitled to Attorney's Fees

In his *Response to Defendants' Motion*, Karmacharya requested that the Court "award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act" ("EAJA"). Doc. 15 at 3. The EAJA provides for reasonable attorney's fees and expenses for prevailing

parties in civil actions brought by or against the United States.[1] 28 U.S.C. § 2412.  It does not

provide for fees to a *pro se* plaintiff.  *See id.*  Additionally, the Fifth Circuit has expressly held

that "attorney's fees simply are not available to *pro se* litigants under the [EAJA]." *Hexamer v.*

*Foreness*, 997 F.2d 93, 94 (5th Cir. 1993).  Because Karmacharya proceeds *pro se*, he is not

entitled to costs and attorney's fees under the EAJA.

### IV. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss*, Doc. 11, should be

**GRANTED**.  Karmacharya's *Complaint for Writ of Mandamus* should be **DISMISSED WITH**

**PREJUDICE** as moot.

**SO RECOMMENDED** on November 24, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court of Appeals for the Fifth Circuit has noted that "[a]s a partial waiver of sovereign immunity, the EAJA is strictly construed in favor of the United States." *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (internal quotation and citation omitted).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).